Filed 5/30/25  P. v. Maldonado CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>RAMON DAVID MALDONADO,<br><br>　Defendant and Appellant. | 2d Crim. No. B330214<br>(Super. Ct. No. 1434089)<br>(Santa Barbara County) |

Ramon David Maldonado appeals the order denying his petition for resentencing pursuant to Penal Code section 1172.6.[1] Because his claims on appeal are unrelated to the denial of his section 1172.6 petition and were rejected in his previous direct appeal, we affirm.

---

[1] Further unspecified statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL HISTORY

In 2015, after a joint trial with his four codefendants, Maldonado was convicted of first degree murder (§§ 187, subd. (a), 189, subd. (a)) with special circumstances of kidnapping and torture found true (§ 190.2, subd. (a)(17)(B), (a)(18)). The trial court also found true that Maldonado served three prior prison terms (§ 667.5, subd. (b)). The court sentenced him to life in state prison without the possibility of parole plus three years.

Maldonado appealed the judgment. We affirmed. (*People v. Gonzales* (Aug. 7, 2018, B264384) [nonpub. opn.] 2018 WL 3737940 (*Gonzales*).)

In 2020, Maldonado petitioned for resentencing under former section 1170.95.[2] The trial court denied this petition at the prima facie stage without appointed counsel. Maldonado appealed, and we affirmed. (*People v. Maldonado* (June 21, 2021, B306808) [nonpub. opn.] (*Maldonado I*).) The Supreme Court granted review and remanded the matter to our court to vacate the decision and reconsider following *People v. Lewis* (2021) 11 Cal.5th 952.

Following transfer from the Supreme Court, we again affirmed the order denying the section 1172.6 petition. (*People v. Maldonado* (Sept. 23, 2021, B306808) [nonpub. opn.] (*Maldonado II*).) We held that failure to appoint counsel at the prima facie stage of the petition was harmless under *Lewis* because Maldonado was ineligible for resentencing as a matter of law. The "jury found true a torture special circumstance allegation . . . . That finding . . . required the jury to determine that

---

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6. (Stats. 2022, ch. 58, § 10.) For the sake of clarity, we will only refer to the statute as section 1172.6 hereafter.

Maldonado acted with the intent to kill," and a "defendant who acts with the intent to kill can still be convicted of murder under the amended versions" of the murder law. (*Id.* at p. 4.)

In 2022, Maldonado filed a second petition for resentencing under section 1172.6. The parties disputed whether the trial court ruled on this petition. The trial court could not find an order ruling on the petition.

In January 2023, the trial court resentenced Maldonado pursuant to section 1172.75 by striking the three prison prior enhancements but leaving his life sentence without parole intact (§ 667.5, subd. (b)).

In April 2023, Maldonado filed a third petition for resentencing pursuant to section 1172.6. He asserted the trial court had jurisdiction to consider the petition based on favorable changes in the law that occurred since his previous petition was denied in 2021 in *Maldonado II*. Following a hearing, the trial court denied the petition. The court quoted from *Maldonado II*, finding that Maldonado was ineligible for relief because the jury found true the torture special circumstance allegation, necessarily finding that Maldonado had an intent to kill.

## DISCUSSION

Maldonado appeals the order denying his third petition under section 1172.6. He contends (1) jury instruction error as to the kidnapping special circumstance allegation, (2) insufficiency of evidence of his intent to kill or reckless indifference to human life, (3) error in denying his motion for new trial based on juror misconduct, (4) jury instruction error as to unanimity on the murder theory, (5) error in removing a deliberating juror, (6)

3

error in denying a *Batson/Wheeler*[3] motion, (7) and cumulative error.

The Attorney General contends, and we agree, that none of these contentions relate to the trial court's ruling on Maldonado's third section 1172.6 petition. Nor does Maldonado challenge the substantive reasons for the denial of that petition. Where an appellant's contention on appeal is "wholly unrelated to the denial of [a] section 1172.6 petition for resentencing," from which the appeal is taken, the contention is "not cognizable." (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1117.) A resentencing petition is not an opportunity to raise errors made at trial or challenge the original conviction, other than on the grounds allowed by section 1172.6. (*Hernandez*, at pp. 1122-1123; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error"]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 ["The statute does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) Because none of his contentions are cognizable and Maldonado does not demonstrate error, we affirm the denial of Maldonado's third section 1172.6 petition.

Maldonado's contentions were also previously raised and rejected in *Gonzales, supra,* 2018 WL 3737940. Thus, his contentions are barred by the law of the case doctrine. Under that doctrine, "when an appellate court ' "states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout [the case's] subsequent progress, both in the lower

---

[3] *Batson v. Kentucky* (1986) 476 U.S. 79; *People v. Wheeler* (1978) 22 Cal.3d 258.

4

court and upon subsequent appeal . . . .” ’ [Citation.]” (*People v. Barragan* (2004) 32 Cal.4th 236, 246.)  Our previous resolution of Maldonado’s contentions in *Gonzales* is law of the case.

DISPOSITION

The order filed July 12, 2023, denying the petition for resentencing is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



GILBERT, P. J.



CODY, J.

John F. McGregor, Judge

Superior Court County of Santa Barbara

_____

Pensanti & Associates and Louisa Pensanti for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Nikhil Cooper and Lauren Guber, Deputy Attorneys General, for Plaintiff and Respondent.